No. 26-1437

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

CAMERON JOHNSON; LUKE THOMAS; and TRACE STEVENS,

*Plaintiffs-Appellants*,

v.

A. SCOTT FLEMING, in his official capacity as the Director of the State Council of Higher Education for Virginia; JOHN JUMPER, in his official capacity as the Chair of the State Council of Higher Education for Virginia; MAJOR GENERAL JAMES W. RING, in his official capacity as the Adjutant General of Virginia; and DONALD L. UNMUSSIG, in his official capacity as the Chief Financial Officer of the Virginia Department of Military Affairs,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Eastern District of Virginia
Case No. 3:25-cv-00407-RCY

# APPELLANTS' MOTION TO EXPEDITE APPEAL


James A. Campbell
Jacob E. Reed
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
jcampbell@ADFlegal.org
jreed@ADFlegal.org

John J. Bursch
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(616) 450-4235
jbursch@ADFlegal.org

Ryan J. Tucker
Jeremiah J. Galus
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
rtucker@ADFlegal.org
jgalus@ADFlegal.org

David A. Cortman
Rory T. Gray
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE
Suite D-1100
Lawrenceville GA 30043
(770) 339-0774
dcortman@ADFlegal.org
rgray@ADFflegal.org

*Counsel for Plaintiffs-Appellant*

Plaintiffs-Appellants Cameron Johnson, Luke Thomas, and Trace Stevens respectfully move to expedite their appeal pursuant to 28 U.S.C. § 1657(a), Federal Rules of Appellate Procedure 27 and 31(a)(2), and Fourth Circuit Local Rules 12(c) and 27(a).

This appeal arises from Defendants' discriminatory denial of college-tuition assistance. Plaintiffs appeal the district court's order granting Defendants' motion to dismiss and denying Plaintiffs' motion for a preliminary injunction. Defendants' administration of the challenged assistance programs violates Plaintiffs' constitutional rights and unfairly excludes them from otherwise available government benefits solely because of their religion. Expedited consideration is warranted because this case presents pure legal questions of exceptional importance, and Appellants continue to suffer ongoing constitutional injuries.

On April 14, 2026, this Court issued its automatic briefing order, with Appellants' opening brief due May 26, 2026, and Appellees' response brief due June 23, 2026. ECF No. 3. Plaintiffs propose the following expedited schedule, which shortens the time Plaintiffs would otherwise have to file a reply brief:

- Appellants' Opening Brief: May 26, 2026
- Appellees' Response Brief: June 23, 2026
- Appellants' Reply Brief: July 7, 2026
- No oral argument unless requested by the Court.

Plaintiffs' counsel requested Defendants-Appellees' position on this motion. In response, counsel for Defendants stated: "Defendants-Appellees oppose this motion because it is not well-founded and because they will move for a seventeen-day extension of time to file their response brief, as they had previously requested Plaintiffs-Appellants to consent to—on April 21 and on May 18, 2026—on account of previously-scheduled leave time and previously-scheduled matters in other cases."

## BACKGROUND AND NATURE OF THE CASE

Plaintiffs are current and prospective college students who seek to pursue degrees in religious fields consistent with their sincerely held beliefs. They applied for tuition assistance under two Virginia programs—the Virginia Tuition Assistance Grant Program ("VTAG") and the Virginia National Guard State Tuition Assistance Program ("VANGSTAP). Both programs provide generally available public benefits to qualifying students but exclude funding for certain religious or theological programs of study. *Johnson v. Fleming*, No. 3:25-cv-00407-RCY, 2026 WL 915533, at *1–4 (E.D. Va. Mar. 31, 2026). Cameron Johnson and Luke Thomas were denied VTAG grants based on their particular religious majors, though VTAG funds other religious studies. And Trace Stevens was denied VANGSTAP grants because he selected religious programs that would enable him to become a Guard officer and chaplain in service of the Commonwealth.

On May 28, 2025, Plaintiffs filed this action asserting that these exclusions violate the Religion Clauses and requested a preliminary injunction. Defendants filed a motion to dismiss.

On March 31, 2026, the district court granted Defendants' motion to dismiss and denied Plaintiffs' motion for preliminary injunction. The district court held that Plaintiffs' claims are currently foreclosed by *Locke v. Davey*, 540 U.S. 712 (2004), at least "so long as *Locke* remains good law." *Johnson*, 2026 WL 915533, at *5–7.

On April 9, 2026, Plaintiffs timely appealed. They contend that *Locke* is distinguishable and that the Supreme Court's recent ruling in *Catholic Charities Bureau, Inc. v. Wisconsin Labor & Industry Review Commission*, 605 U.S. 238 (2025), controls because Virginia discriminates *among* religions.

On April 17, 2026, Plaintiffs filed an Emergency Motion for an Injunction Pending Appeal Under FRAP 8. That motion was fully briefed on April 30, 2026. This Court denied the motion without a reasoned opinion on May 18, 2026.

## STANDARD

A motion to expedite appeal shall state "the reasons supporting expedition, the ability of the parties to present the appeal on the existing record, and the need for oral argument." 4th Cir. R. 12(c). Expedition is appropriate where the movant demonstrates good cause, including ongoing irreparable harm and pure legal questions capable of

prompt resolution on the existing record. *See In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018).

## ARGUMENT

### I. Expedited review is warranted to stop ongoing and irreparable constitutional injuries.

Expedited review is justified because this appeal presents important and time-sensitive constitutional questions, and Plaintiffs continue to suffer ongoing constitutional harm. This Circuit has expedited appeals where fundamental First Amendment rights are at stake. *E.g.*, *In re Murphy-Brown, LLC*, 907 F.3d at 795 (expedited consideration of mandamus petition to vacate gag order because of "serious First Amendment concerns"); *In re Wall Street Journal*, 601 F. App'x 215, 218 (4th Cir. 2015) (per curiam) (same).

Other circuit courts have similarly expedited appeals involving the loss of First Amendment rights, *e.g.*, *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006) (considering denial of preliminary injunction to enjoin school officials from revoking student group's official recognition), or threshold dismissals, *e.g.*, *Air Evac EMS, Inc. v. Texas, Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 513, 516 (5th Cir. 2017) (considering dismissal of complaint and whether plaintiff faced "threatened enforcement proceedings" to justify injunction against state officials). And the Second Circuit automatically places threshold

dismissals—including dismissals for lack of subject matter jurisdiction—on an expedited calendar. This is "appropriate because these threshold dismissals involve no evidentiary record and the legal issues have been thoroughly briefed." Jon O. Newman, *The Second Circuit's Expedited Appeals Calendar for Threshold Dismissals*, 80 Brook. L. Rev. 429, 433–34 (2015).

This case turns on a purely legal issue: whether *Locke* is distinguishable. The district court acknowledged the significance of that question but concluded it remained bound by *Locke*. That issue is now squarely presented for this Court's resolution.

The need for expedition is heightened because the Court denied Plaintiffs' motion for an injunction pending appeal, and Plaintiffs continue to suffer irreparable injury without an injunction. The challenged programs exclude Plaintiffs from generally available public benefits based on the religious character of their studies, forcing them to choose between pursuing their religious education and receiving critical tuition assistance. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion).

In short, Virginia is depriving Plaintiffs of thousands of dollars in grant funds. That harm is irreparable because Virginia will claim "sovereign immunity for any [*past*] monetary damages." *Wages & White Lion Invs., LLC v. FDA*, 16 F.4th 1130, 1142 (5th Cir. 2021); *accord*

*Mountain Valley Pipeline LLC v. W. Pocahontas Props. Ltd. P'ship*, 918 F.3d 353, 366 (4th Cir. 2019). A speedy injunction is necessary for Plaintiffs to receive *future* grants and avert the "risk of [additional] irreparable harm" caused by Virginia denying them additional "payments with no guarantee of eventual recovery." *Ala. Ass'n of Realtors v. HHS*, 594 U.S. 758, 765 (2021) (per curiam).

## II. The appeal can be resolved on the existing record.

Expedition will not prejudice any party because the appeal can be fully presented on the existing record, and Plaintiffs do not seek to shorten the standard time allotted for Defendants to prepare their response brief. The district court resolved this case at the pleading stage and on a motion for preliminary injunction. So the record is limited, and the parties have already agreed on the contents of a Joint Appendix. Because the issues on appeal are purely legal, the parties can brief them promptly.

## III. Oral argument is unnecessary, and Plaintiffs waive oral argument to facilitate expedition.

To further facilitate expedited disposition, Plaintiffs-Appellants do not request oral argument and are prepared to waive it. This appeal presents straightforward legal questions that have been thoroughly briefed and do not depend on factual development. The Court can resolve the case on the briefs without impairing its decisional process.

Waiving oral argument will conserve judicial resources and permit the Court to resolve this appeal more quickly. Should the Court determine that argument would be helpful, Plaintiffs will of course appear at the earliest possible opportunity. But in the interest of expedition, Plaintiffs respectfully submit that the case is appropriate for decision on the briefs or an expedited hearing.

## CONCLUSION

For these reasons, Plaintiffs respectfully ask the Court to expedite their appeal.

Dated: May 19, 2026

Respectfully submitted,

*s/Rory T. Gray*

James A. Campbell
Jacob E. Reed
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
jcampbell@ADFlega.org
jreed@ADFlegal.org

Ryan J. Tucker
Jeremiah J. Galus
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
rtucker@ADFlegal.org
jgalus@ADFlegal.org

John J. Bursch
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(616) 450-4235
jbursch@ADFlegal.org

David A. Cortman
Rory T. Gray
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE
Suite D-1100
Lawrenceville GA 30043
(770) 339-0774
dcortman@ADFlegal.org
rgray@ADFflegal.org

*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF COMPLIANCE

This motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 1,314 words, excluding parts exempted by Fed. R. App. P. 32(f).

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Word 365 using a proportionally spaced typeface, 14-point Century Schoolbook.

Dated: May 19, 2026

*s/Rory T. Gray*
Rory T. Gray
*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by that system.

*s/Rory T. Gray*
Rory T. Gray
*Counsel for Plaintiffs-Appellants*