No. 26-1437

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

CAMERON JOHNSON, ET AL.,

*Plaintiffs-Appellants*,

v.

A. SCOTT FLEMING, in his official capacity as the Director of the State Council of Higher Education for Virginia, ET AL.,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Eastern District of Virginia

**OPPOSITION TO MOTION TO EXPEDITE THE APPEAL**


JAY JONES
*Attorney General*

GRETCHEN E. NYGAARD
*Deputy Attorney General*

JACQUELINE C. HEDBLOM
*Senior Assistant Attorney General/Trial Section Chief*

CALVIN C. BROWN
*Senior Assistant Attorney General/Civil Unit Manager*


May 29, 2026


ROBERT S. CLAIBORNE, JR.
CHRISTOPHER P. BERNHARDT
*Assistant Attorneys General*

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 482-2275 – Telephone
(804) 371-2087 – Facsimile
rclaibornejr@oag.state.va.us
cbernhardt@oag.state.va.us

*Counsel for Appellees*

As this Court has "defer[red] consideration of [Appellants'] motion to accelerate case processing pending review of the appeal on the merits," has modified the deadline for Appellees' response brief consistent with its motion for an extension, and has modified the deadline for Appellants' reply brief consistent with its motion to expedite, Order, ECF No. 28, Appellees understand Appellants' motion to expedite the briefing schedule to have been obviated, Mot. 1, ECF No. 24. While Appellees defer to this Court in how best to manage its caseload and prioritize its disposition of appeals across the many pending before it, they respectfully submit this opposition to Appellants' motion insofar as it requests expediting consideration and disposition of the appeal and either expediting oral argument or dispensing with it in the interest of expedition. Mot. 1, 6–7 ECF No. 24. Those requests are not well-founded.

## INTRODUCTION

Losing a motion for an injunction pending appeal in the district court, ADF Letter (Apr. 21, 2026),[1] ECF No. 16, and this Court, Order,

[1] Because Appellants are in the process of correcting the Joint Appendix, Docket Correction Notice, No. 31, this Opposition cites to the district court's order denying the motion for an injunction pending appeal as included in Appellants' counsel's notification to this Court, ECF No. 16, and cites to the other district court filings as included in the

ECF No. 23, in a case where the merits are foreclosed by controlling precedent from the Supreme Court, *Locke v. Davey*, 540 U.S. 712 (2004) (7-2), and a panel of this Court, *Hall v. Fleming*, No. 25-1574, 2026 WL 1314675 (4th Cir. May 13, 2026) (3-0) (publication pending), does not entitle a litigant to skip to the front of the line on this Court's docket. That is what Appellants are trying to do here, it is not justified, and their effort should be denied. Nothing justifies deciding this case outside of the ordinary course, and oral argument—which could be helpful to this Court in this case—should not be rushed through, or foregone entirely, just because Appellants are impatient for this Court's decision.

Every case is important to every litigant. And there are many that do not have to go up against controlling, adverse precedents from the Supreme Court and this Court—which Appellants' case has to do here. Appellants are not entitled to the special treatment that they seek.

## LEGAL STANDARD

This Court "may expedite an appeal for briefing and oral argument" in consideration of "the reasons supporting expedition, the ability of the

Appendix to Appellants' Emergency Motion for an Injunction Pending Appeal, ECF Nos. 14-2, 14-3.

parties to present the appeal on the existing record, and the need for oral argument." Loc. R. 12(c). That decision is committed to this Court's discretion. *See Black v. Mantei & Assocs.*, 145 F.4th 528, 540 (4th Cir. 2025). Of course, "[o]ral argument" ordinarily "must be allowed in every case unless" the panel "unanimously agrees that oral argument is unnecessary" because "the appeal is frivolous," "the dispositive issue or issues have been authoritatively decided," or "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. App. P. 34(a)(2); I.O.P.-34.2. And even when this Court "grant[s] a motion to expedite," it only "affects the briefing and/or oral argument of the case." FOURTH CIRCUIT APPELLATE PROCEDURE GUIDE (June 2025). "[T]he timing of the ultimate disposition rests within the discretion of the panel." *Id.*

## ARGUMENT

There is no longer any pending question as to the expedition of briefing in this appeal. Loc. R. 12(c); Mot. 1, ECF No. 24; Order, ECF No. 28. Appellants' remaining requests to expedite or do away with oral argument, and to expedite this Court's decision, are not well-founded.

## I. Losing a motion for an injunction pending appeal is not a ground for expedited review.

Appellants contend that "[t]he need for expedition is heightened because the Court denied [their] motion for an injunction pending appeal, and [they] continue to suffer irreparable injury without an injunction." Mot. 5, ECF No. 24. This is incorrect. Losing their motion for an injunction pending appeal only reinforces why they should lose their motion to expedite.

Appellants are using their motion to expedite in an attempt to revive arguments that they lost in moving for the injunction pending appeal. Their arguments over their "loss of First Amendment rights" and their "irreparable harm," Mot. 4–6, ECF No. 24, merely rehash previous arguments whether Appellants "made a strong showing that [they are] likely to succeed on the merits" and "will be irreparably injured absent" the injunction pending appeal, *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); Emergency Mot. for Injunction 16–24, ECF No. 14-1, Opp'n 13–27, ECF No. 18; Reply 1–8, ECF No. 21, Notice of Supp. Auth. 1–2, ECF No. 22, which this Court resolved against Appellants, Order, ECF No. 23, as the district court did as well, Mem. Op. 1–2, *in* ADF Letter (Apr. 21, 2026), ECF No. 16; A332. Losing those arguments twice on a motion for

an injunction pending appeal does not mean that they win this time on a motion to expedite.

Appellants' dissatisfaction with the denial of the injunction pending appeal does not entitle them to expedited review.

## II. There are no irreparable constitutional injuries justifying expedited review.

Appellants' merits and irreparable-harm arguments were unavailing in moving for an injunction pending appeal, Emergency Mot. for Injunction 16–24, ECF No. 14-1, Opp'n 13–27, ECF No. 18; Reply 1–8, ECF No. 21, Notice of Supp. Auth. 1–2, ECF No. 22; A346–354, and they are unavailing here.

As this Court recently observed, "*Locke* is a seminal Supreme Court case on the relationship between the Free Exercise Clause of the First Amendment and state educational scholarship programs like the" ones Appellants challenge here. *Hall*, 2026 WL 1314675, at *2. Under those precedents, Virginia's "denial of funding for" Appellants' "vocational religious instruction" is supported by a "historic and substantial state interest" consistent with the Free Exercise, Establishment, and Equal Protection Clauses. *Locke*, 540 U.S. at 725; *id.* at 720 n.3 & 725 n.10; *see also* Opp'n 13–26, ECF No. 18.

Appellants' motion to expedite says little more than that "*Locke* is distinguishable and that the Supreme Court's recent ruling in *Catholic Charities Bureau, Inc. v. Wisconsin Labor & Industry Review Commission*, 605 U.S. 238 (2025), controls because Virginia discriminates *among* religions," Mot. 3, ECF No. 24, before treating it as a foregone conclusion that they suffer First Amendment violations that justify expedition, Mot. 4–6, ECF No. 24.

But *Catholic Charities* found a Free Exercise Clause violation where Wisconsin denied a religious tax exemption to Catholic charitable organizations because, in "their current charitable services," they did not "engage[] in proselytization or limit[] their services to fellow Catholics." 605 U.S. at 249. Their "Catholic faith . . . barr[ed] them from satisfying those criteria," while other faiths "seemingly have adopted a contrary approach." *Id.* at 250. Thus, "Wisconsin's exemption . . . grant[ed] a denominational preference by explicitly differentiating between religions based on theological practices." *Id.* The Catholic organizations were ineligible because of their "inherently religious choices (namely, whether to proselytize or serve only co-religionists)." *Id.* Nothing withdraws Appellants' case from *Locke*'s and *Hall*'s controlling effect and puts it into

*Catholic Charities*'. And their arguments on this point have been, Mot. 3, ECF No. 24; Emergency Mot. for Injunction 21–22, ECF No. 14-1; Reply 1–4, 7, ECF No. 21; Notice of Supp. Auth. 2, ECF No. 22; A139, A161–164, A210, A228–230, A233–A234, A284, A297, A299, A353, and continue to be, Op. Br. 29, 42, 50–53, 57, ECF No. 29, conclusory.

"The Supreme Court's decision in *Locke* is directly analogous to this case." *Hall*, 2026 WL 1314675, at *3. Appellants cannot avoid *Locke* simply because they do not like it. And they suffer no irreparable injury, much less a constitutional one. Their claimed "hardship" of having to fund their education through other means "is a burden successfully borne by many college students each year." Order Denying Mot. for Prelim. Inj. (Mar. 17, 2000), *in Davey v. Locke*, No. C00-61R (W.D. Wash.).

## III. Appellants do not justify expediting oral argument or dispensing with it in the interest of expedition.

Consistent with the foregoing, there is no justification to expedite oral argument in this case. And while there may be valid reasons for this Court to dispense with oral argument, Fed. R. App. P. 34(a)(2), "[t]o further facilitate expedited disposition" to "permit the Court to resolve this appeal more quickly" is not one of them, Mot. 7–8, ECF No. 24.

Undersigned counsel are, of course, willing and able to appear and assist this Court in addressing any questions that it may have. That includes any questions that this Court may have regarding relevant Virginia law, which Appellees have had to clarify for Appellants. Opp'n 18–19, 21–22, 25–26, ECF No. 18; A247–249; A250–252; A262–273. And, insofar as it may be helpful to this Court, Appellees' counsel could respond to assertions in Appellants' reply brief, which may be expected to include contentions such as "Virginia admits" things it doesn't admit, Reply 1, 2, 5, ECF No. 21, "Virginia concedes" things it doesn't concede, Reply 2, 8, ECF No. 21, and "Virginia doesn't dispute" things it does dispute, Reply 1, 6, 8, ECF No. 21. Appellants' counsel, of course, would also have the opportunity to answer any questions that this Court may have, including any regarding the binding and controlling effect of its precedent in *Hall* and of the Supreme Court's precedent in *Locke*.

## IV. Appellants do not justify expediting the ultimate disposition of this appeal.

Finally, while Appellants' motion seeks "[e]xpedited consideration" and "expedited disposition," Mot. 1, 6, ECF No. 24, "the timing of the ultimate disposition rests within the discretion of the panel," FOURTH CIRCUIT APPELLATE PROCEDURE GUIDE, *supra*. Mindful of the heavy

caseload that this Court must manage, U.S. COURTS OF APPEALS FEDERAL COURT MANAGEMENT STATISTICS (March 31, 2026) (Fourth Circuit), *available at* https://tinyurl.com/227smfmb, Appellees are appreciative of this Court's time and attention to this appeal. And Appellees respectfully submit that this appeal need not be prioritized on the Court's docket.

## CONCLUSION

Consistent with the foregoing reasons, this Court should not grant Appellants' requests for expediting consideration and disposition of the appeal and for either expediting oral argument or dispensing with it in the interest of expedition.

Respectfully submitted,

/s/ Robert S. Claiborne, Jr.


ROBERT S. CLAIBORNE, JR.
CHRISTOPHER P. BERNHARDT
*Assistant Attorneys General*

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 482-2275 – Telephone
(804) 371-2087 – Facsimile
rclaibornejr@oag.state.va.us
cbernhardt@oag.state.va.us

*Counsel for Appellees*

JAY JONES
*Attorney General*

GRETCHEN E. NYGAARD
*Deputy Attorney General*

JACQUELINE C. HEDBLOM
*Senior Assistant Attorney General/Trial Section Chief*

CALVIN C. BROWN
*Senior Assistant Attorney General/Civil Unit Manager*


May 29, 2026

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limitations of Rule 27(d)(2)(A) because it does not exceed 5,200 words, and this response complies with the typeface and type-style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook typeface.

/s/ Robert S. Claiborne, Jr.
ROBERT S. CLAIBORNE, JR.
*Assistant Attorney General*

## CERTIFICATE OF SERVICE

I certify that, on May 29, 2026, I electronically filed the foregoing with the Clerk of this Court by using the appellate CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ Robert S. Claiborne, Jr.
ROBERT S. CLAIBORNE, JR.
*Assistant Attorney General*