No. 26-1437

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

CAMERON JOHNSON; LUKE THOMAS; and TRACE STEVENS,

*Plaintiffs-Appellants*,

v.

A. SCOTT FLEMING, in his official capacity as the Director of the State Council of Higher Education for Virginia; JOHN JUMPER, in his official capacity as the Chair of the State Council of Higher Education for Virginia; MAJOR GENERAL JAMES W. RING, in his official capacity as the Adjutant General of Virginia; and DONALD L. UNMUSSIG, in his official capacity as the Chief Financial Officer of the Virginia Department of Military Affairs,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Eastern District of Virginia
Case No. 3:25-cv-00407-RCY

# APPELLANTS' MOTION TO SUBMIT THE APPEAL ON THE BRIEFS

James A. Campbell
Jacob E. Reed
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
jcampbell@ADFlegal.org
jreed@ADFlegal.org

John J. Bursch
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(616) 450-4235
jbursch@ADFlegal.org

Ryan J. Tucker
Jeremiah J. Galus
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
rtucker@ADFlegal.org
jgalus@ADFlegal.org

David A. Cortman
Rory T. Gray
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE
Suite D-1100
Lawrenceville GA 30043
(770) 339-0774
dcortman@ADFlegal.org
rgray@ADFflegal.org

*Counsel for Plaintiffs-Appellant*

Plaintiffs-Appellants Cameron Johnson, Luke Thomas, and Trace Stevens respectfully move to submit this appeal on the briefs pursuant to Fourth Circuit Local Rule 34(e).

This appeal arises from Defendants' discriminatory denial of college-tuition assistance. Plaintiffs appeal the district court's order granting Defendants' motion to dismiss in part and denying Plaintiffs' motion for a preliminary injunction. Defendants' administration of the challenged tuition-assistance programs violates Plaintiffs' constitutional rights and unfairly excludes them from otherwise available government benefits solely because of their religion. This case presents pure legal questions of exceptional importance, and Plaintiffs continue to suffer ongoing constitutional injuries each passing day.

Those injuries have been exacerbated by the Court's decision not to rule on Plaintiffs' motion to expedite. As a result, submitting the appeal on the briefs is the best—and only remaining—avenue to quickly obtain this Court's decision and potentially halt Plaintiffs' ongoing harm.

On September 10, 2026, Plaintiffs' counsel requested opposing counsel's position on this motion. On September 14, 2026, counsel for Defendants responded that "we are opposed to your motion to submit the appeal on the briefs."

## **BACKGROUND**

Plaintiffs are current college students who seek to pursue religious majors consistent with their sincerely held beliefs. They applied for tuition assistance under two Virginia programs—the Virginia Tuition Assistance Grant Program ("VTAG") and the Virginia National Guard State Tuition Assistance Program ("VANGSTAP"). Both programs provide generally available public benefits to qualifying students but exclude funding for certain religious programs. *Johnson v. Fleming*, No. 3:25-cv-00407-RCY, 2026 WL 915533, at *1–4 (E.D. Va. Mar. 31, 2026). Cameron Johnson and Luke Thomas were denied, or will be denied, VTAG grants based on their particular religious majors, though VTAG funds other religious studies. And Trace Stevens was denied VANGSTAP grants because he selected religious programs that would enable him to become a Guard officer and chaplain in service of the Commonwealth.

On May 28, 2025, Plaintiffs filed this action asserting that VTAG's and VANGSTAP's religious exclusions violate the First Amendment. Plaintiffs also requested a preliminary injunction. Defendants filed a motion to dismiss.

On March 31, 2026, almost eight months after both motions were fully briefed, the district court granted Defendants' motion to dismiss in part and denied Plaintiffs' motion for preliminary injunction. The district court held that Plaintiffs' claims are currently foreclosed by

*Locke v. Davey*, 540 U.S. 712 (2004), at least "so long as *Locke* remains good law." *Johnson*, 2026 WL 915533, at *5–7. At that point, the district court recognized that, "by no fault of Plaintiffs, the summer and fall semesters of 2025 [had] passed and the spring 2026 semester [was] well underway." *Id.* at *10.

Plaintiffs timely appealed nine days later. They argued, among other things, that *Locke* is distinguishable and that the Supreme Court's recent ruling in *Catholic Charities Bureau, Inc. v. Wisconsin Labor & Industry Review Commission*, 605 U.S. 238 (2025), controls instead of *Locke* because Virginia discriminates *among* religions.

Eight days after that, Plaintiffs filed an Emergency Motion for an Injunction Pending Appeal under Fed. R. App. P. 8. That motion was fully briefed on April 30, 2026. This Court denied the motion without explanation on May 18, 2026.

On May 19, 2026, Plaintiffs moved to expedite the appeal. Plaintiffs explained that expedited review is justified because the appeal presents important and time-sensitive constitutional questions, and Plaintiffs continue to suffer ongoing constitutional harm, which is irreparable. Appellant's Mot. to Expedite Appeal at 4 (May 19, 2026). As part of that motion, Plaintiffs asked the Court to bypass oral argument to allow the Court to resolve the appeal more quickly, and they submitted that the appeal is appropriate for decision on the briefs. *Id.* at 6–7.

Defendants opposed the motion to expedite. But they admitted that "there may be valid reasons for this Court to dispense with oral argument." Opp. to Mot. to Expedite the Appeal at 8 (May 29, 2026).

On May 20, 2026, Defendants moved for an extension of time to file their merits brief. In their response, Plaintiffs reiterated the need to expedite this appeal. Appellants' Resp. to Appellees' Mot. for Extension of Time at 1 (May 22, 2026). And Plaintiffs requested that the Court do so, in part, by deciding the case on the briefs. *Id.* at 3.

On May 22, 2026, the Court deferred consideration of Plaintiffs' motion to expedite pending review of the appeal on the merits and granted Defendants' requested extension. The Court's only step to accelerate this appeal was adopting Plaintiffs' voluntary shortening of the deadline to file their merits reply.

On June 1, 2026, Plaintiffs filed their corrected opening brief. That brief reiterated the need to expedite this appeal. Appellants' Opening Br. at 59 (June 1, 2026). And the brief stated that Plaintiffs were prepared to waive oral argument. *Id.*

The appeal was fully briefed on July 24, 2026. Yet the Court took no action on Plaintiffs' motion to expedite.

On August 20, 2026, Plaintiffs filed a petition for writ of certiorari before judgment with the Supreme Court in lieu of requesting emergency relief. Pet. for Writ of Certiorari Before J., *Johnson v. Fleming* (S. Ct. No. 26-240). Plaintiffs hoped that this Court would rule quickly,

either granting Plaintiffs relief or rejecting their appeal and giving them an opportunity to convert that petition to a writ of certiorari after judgment.

On September 8, 2026, this Court issued an order tentatively calendaring the appeal for oral argument three months later, during the December 8–11, 2026 session. That order said nothing about Plaintiffs' request to decide the appeal without oral argument—or Defendants' potential agreement with that request. Instead, the order stated that any motions to submit the appeal on the briefs must be filed by September 15, 2026. Tentative Calendar Order at 1 (Sept. 8, 2026).

This motion followed.

## STANDARD

Submission on the briefs is appropriate if "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. App. P. 34(a)(2)(C).

## ARGUMENT

Submitting this appeal on the briefs is appropriate for four reasons. *First*, the facts are undisputed. Both sides agree that Cameron Johnson, Luke Thomas, and Trace Stevens are otherwise eligible for VTAG or VANGSTAP grants. The only reason Virginia denied Plaintiffs tuition-assistance grants is their choice of religious major.

*Second*, the legal arguments are straightforward. The outcome of this appeal hinges on a legal question: does *Locke* apply? Plaintiffs contend that *Locke* doesn't apply and thus neither does *Hall v. Fleming*, 175 F.4th 510 (4th Cir. 2026). Defendants argue that *Locke* does apply and thus *Hall* does too. The parties' reasons for their respective positions are fully elaborated in their merits briefs. So oral argument wouldn't significantly aid the Court. Fed. R. App. P. 34(a)(2)(C).

*Third*, the parties appear to agree that there are valid reasons to dispense with oral argument. *See* Opp. to Mot. to Expedite the Appeal at 8 (Defendants noting "there may be valid reasons for this Court to dispense with oral argument").

*Fourth*, Plaintiffs' motion to expedite the appeal remains pending. Given the ongoing and irreparable harm they are facing, Plaintiffs have done everything in their power to achieve a ruling as quickly as possible, including requesting an expedited argument, *see* Appellant's Opening Br. at 59, and agreeing to waive argument, *see* Appellant's Mot. to Expedite Appeal at 6–7. A hearing during the December 8–11, 2026 oral argument session isn't expedited. And it guarantees that Plaintiffs' constitutional claims won't be resolved for three more months, virtually ensuring that Plaintiffs will lose another round of scholarships. At this point, Plaintiffs' only option is to request that the Court submit this appeal on the briefs.

For the reasons explained in Plaintiff's motion to expedite, response to Defendant's motion for an extension, and opening brief, it is critical that Plaintiffs obtain a ruling as soon as possible. Plaintiffs are suffering irreparable constitutional harm—the exclusion from otherwise available public benefits based on their religious exercise. Virginia continues to deny Plaintiffs thousands of dollars in tuition assistance each semester that Plaintiffs can't recoup later because of the State's Eleventh Amendment immunity. *See Galette v. New Jersey Transit Corp.*, 607 U.S. 509, 527 (2026) (noting "a damages claim against a state or federal officer in their official capacity is barred by sovereign immunity"). Given this ongoing irreparable harm, Plaintiffs seek to avoid any further delay in resolving this appeal, including the delay necessarily caused by scheduling a December oral argument.

## **CONCLUSION**

For these reasons, Plaintiffs respectfully ask the Court to waive oral argument, submit the appeal on the briefs, and decide the appeal expeditiously.

Dated: September 15, 2026

Respectfully submitted,

*s/Rory T. Gray*

John J. Bursch
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(616) 450-4235
jbursch@ADFlegal.org

David A. Cortman
Rory T. Gray
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE
Suite D-1100
Lawrenceville GA 30043
(770) 339-0774
dcortman@ADFlegal.org
rgray@ADFflegal.org

James A. Campbell
Jacob E. Reed
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
jcampbell@ADFlega.org
jreed@ADFlegal.org

Ryan J. Tucker
Jeremiah J. Galus
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
rtucker@ADFlegal.org
jgalus@ADFlegal.org

*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF COMPLIANCE

This motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 1,438 words, excluding parts exempted by Fed. R. App. P. 32(f).

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Word 365 using a proportionally spaced typeface, 14-point Century Schoolbook.

Dated: September 15, 2026

*s/Rory T. Gray*
Rory T. Gray
*Counsel for Plaintiffs-Appellants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by that system.

*s/Rory T. Gray*
Rory T. Gray
*Counsel for Plaintiffs-Appellants*