No. 26-1437

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

CAMERON JOHNSON, ET AL.,
*Plaintiffs-Appellants*,

v.

A. SCOTT FLEMING, in his official capacity as the Director of the State Council of Higher Education for Virginia, ET AL.,
*Defendants-Appellees*.

On Appeal from the United States District Court
for the Eastern District of Virginia

# OPPOSITION TO SUBMITTING THE APPEAL ON THE BRIEFS

JAY JONES
*Attorney General*

GRETCHEN E. NYGAARD
*Deputy Attorney General*

JACQUELINE C. HEDBLOM
*Senior Assistant Attorney General/Trial Section Chief*

CALVIN C. BROWN
*Senior Assistant Attorney General/Civil Unit Manager*

ROBERT S. CLAIBORNE, JR.
CHRISTOPHER P. BERNHARDT
*Assistant Attorneys General*

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 482-2275 – Telephone
(804) 371-2087 – Facsimile
rclaibornejr@oag.state.va.us
cbernhardt@oag.state.va.us

*Counsel for Appellees*

September 25, 2026

## INTRODUCTION

This Court should deny the Challengers' motion to submit the appeal on the briefs, which is not well-founded.

Dissatisfied with their result in the district court and with the clear import of *Locke v. Davey*, 540 U.S. 712 (2004), *Hall v. Fleming*, 175 F.4th 510 (4th Cir. 2026), and relevant Virginia law, the Challengers' motion follows a pattern of their overuse of motions practice and of their unwillingness to accept the decisions of the Courts against them. They moved for an injunction pending appeal in the district court and lost. Dkt. No. 16. They moved for an injunction pending appeal in this Court and lost. Dkt. No. 23. They tried to use that as justification for moving to expedite the appeal, Dkt. No. 24, at 5, asking this Court to dispense with oral argument, Dkt. No. 24, at 1, 6–7, effectively deny Appellees' earlier-requested deadline extension (which the Challengers said they took no position on), *compare* Dkt. No. 24, at 1, *with* Dkt. No. 25-1, at 2–4, *and* Dkt. No. 27, at 1, and unnecessarily accelerate the deadline for their own reply brief (which the Challengers could have filed early even without the motion), *compare* Dkt. No. 24, at 1, *with* Dkt. No. 3, at 1.

With Appellees' response brief and the Challengers' reply brief still yet to be filed, Appellees opposed the Challengers' motion to expedite. Dkt. No. 32. Responding to the Challengers' request to dispense with oral argument, Appellees anticipated that oral argument "may be helpful to this Court" as Appellees "could respond to assertions in [the Challengers'] reply brief, which may be expected to include contentions such as 'Virginia admits' things it doesn't admit, 'Virginia concedes' things it doesn't concede, and 'Virginia doesn't dispute' things it does dispute." Dkt. No. 32, at 9 (quoting Dkt. No. 21, at 1, 2, 5, 6, 8). Appellees also anticipated that they could answer "any questions that this Court may have regarding relevant Virginia law, which Appellees"—even at that stage of the litigation—had already "had to clarify for" the Challengers multiple times. Dkt. No. 32, at 9. And the Challengers' "counsel, of course, would also have the opportunity to answer any questions that this Court may have, including any regarding the binding and controlling effect of its precedent in *Hall* and of the Supreme Court's precedent in" *Davey*. Dkt. No. 32, at 9.

As Appellees anticipated, and with the response and reply briefs now having been filed, oral argument would aid the decisional process in

this case. It would allow Appellees the opportunity to argue matters that have appeared for the first time in the Challengers' reply brief and to correct the Challengers' multiple inaccurate assertions that Appellees make important concessions to, or otherwise agree with, the Challengers. Moreover, an in-person, face-to-face discussion with the Court would be helpful in getting to the gist of the issues and to the clear and controlling import of *Davey*, *Hall*, and relevant Virginia law.

The parties should be heard in open Court, and this Court should deny the Challengers' motion.

## LEGAL STANDARD

"Oral argument provides clear benefits for the appellate process[,]" including by "improv[ing] the accuracy and quality of appellate decisions and the decision-making process itself[.]" 16AA Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 3980 (WestLaw 2026) (citation & internal quotation marks omitted). As a general rule, "[o]ral argument must be allowed in every case[,]" Fed. R. App. P. 34(a)(2), and a motion to submit an appeal on the briefs is "not granted as a matter of course," Loc. R. 34(e).

As an exception to that rule, a "panel of three judges who have examined the briefs and record" may dispense with oral argument if the panel "unanimously agrees that oral argument is unnecessary." Fed. R. App. P. 34(a)(2); I.O.P.-34.2. The panel may only decide that oral argument is "unnecessary" if "the appeal is frivolous," if "the dispositive issue or issues have been authoritatively decided," or if "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. App. P. 34(a)(2).

## ARGUMENT

Oral argument should be allowed in this case because it would aid the decisional process. The Challengers' arguments to the contrary are not well-founded. They misunderstand and overstate that "the parties appear to agree that there are valid reasons to dispense with oral argument." Dkt. No. 56, at 6. And their interests in expedition—and dissatisfaction with the results of their other motions—do not justify dispensing with oral argument, either.

## I. Oral argument would aid the decisional process.

Oral argument would aid the decisional process by allowing Appellees to respond to the Challengers' reply brief's newly-asserted theories of a constitutional violation and multiple inaccurate statements as to Appellees' positions. The Court could also probe the parties' disagreements over the significance of *Davey*, *Hall*, and relevant Virginia law.

### A. The Challengers' reply brief raises new theories.

Oral argument would allow Appellees the opportunity to address the Challengers' arguments that appear for the first time in their reply brief. Those are arguments of unconstitutional religious favoritism for civilians over Guard members, Reply Br. 21, and for "mainline" Christian denominations over "evangelical[]" ones, Reply Br. 23–24 (emphasis omitted).

First, as the Challengers presented these theories for the first time in their reply brief in this Court, oral argument will allow Appellees to explain that the Challengers have consequently waived these theories. *See United States v. Bartko*, 728 F.3d 327, 335 (4th Cir. 2013) (theories not raised in an opening brief are waived); *Grayson O Co. v. Agadir Int'l*

*LLC*, 856 F.3d 307, 316 (4th Cir. 2017) (theories raised, for the first time, in a reply brief are waived).

Second, oral argument would allow Appellees the opportunity to explain to the Court why the Challengers' newfound theories fail. The civilian-over-Guard theory fails for reasons including that questions of different Virginia agencies'—the State Council of Higher Education in Virginia ("Council") and the Virginia Department of Military Affairs ("Department")—interpretations and applications of Virginia law cannot be transmuted into questions of federal constitutional law. *Cf. Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106, 124–25 (1984); *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941); Va. Sup. Ct. R. 5:40; *see also Expressions Hair Design v. Schneiderman*, 581 U.S. 37, 56–57 (2017) (Breyer, J., concurring in j'mt). Moreover, the perceived differences actually result from Liberty University's and Stevens's inconsistent characterizations of a single program in which Stevens was formerly enrolled. Resp. Br. 36–37. The mainline-over-evangelical favoritism argument also fails. CIP Code-39 series classifications are not made with regard to any specific denomination (much less mainline or evangelical), and CIP Code-38 series classifications should not be

assigned to religious vocational training programs at all. Resp. Br. 10–11, 32–33. If the Challengers' newfound theories are to be given any consideration, Appellees should be allowed the opportunity at oral argument to explain why they are incorrect.

Third, oral argument would allow the Challengers the opportunity to clarify their assertions that CIP Code 38-series classifications are focused on mainline Christian denominations and that CIP Code 39-series classifications are focused on evangelical Christian denominations. Neither is the case, but the Challengers try to suggest that it is. Br. 23–24.

Attempting to support their CIP Code 39-series/evangelical theory, the Challengers say that "VTAG-ineligible Code 39-series majors like Bible/Biblical Studies (39.0201) are offered exclusively by evangelical colleges, such as Liberty University and Regent University." Reply Br. 23–24. While it is accurate to say that the specific subcategory of "Bible/Biblical Studies (39.0201)" programs "are offered exclusively by" Liberty and Regent, *compare* Reply Br. 23–24, *with Search Degree Inventory*, RESEARCH.SCHEV.EDU (last accessed Sept. 25, 2026) (subheading "CIP Search," entering "39" in the field for "Search by CIP

Code" and clicking "Generate"), *available at* https://tinyurl.com/y2nvyh48, it would be inaccurate to say that all "VTAG-ineligible Code 39-series majors" "are offered exclusively by evangelical colleges," *cf.* Reply Br. 23–24. That is because VTAG-ineligible Code 39-series majors are offered at multiple non-evangelical institutions. Those include Christendom College, Eastern Mennonite University, Hampton University, Shenandoah University, and Virginia Union University. *Search Degree Inventory*, RESEARCH.SCHEV.EDU, *supra* (subheading "CIP Search," entering "39" in the field for "Search by CIP Code" and clicking "Generate"). Oral argument would allow the Challengers to clarify how their CIP Code 39-series/evangelical theory should be understood in view of this.

Attempting to support their CIP Code 38-series/mainline theory, the Challengers suggest that CIP Code 38-series designations are "based on" the "religious beliefs" of "[c]olleges associated with mainline denominations" and "students of their religious persuasion." Reply Br. 23 (emphasis omitted). But that cannot be true because CIP Code 38-series majors are offered at multiple non-mainline institutions. They are offered at institutions that the Challengers themselves identify as "colleges

associated with evangelicalism." *Compare* Reply Br. 23–24 (emphasis omitted), *with Search Degree Inventory*, RESEARCH.SCHEV.EDU, *supra* (subheading "CIP Search," entering "38" in the field for "Search by CIP Code" and clicking "Generate"). And they are offered at multiple institutions unaffiliated with any religious denomination at all. *Search Degree Inventory*, RESEARCH.SCHEV.EDU, *supra* (subheading "CIP Search," entering "38" in the field for "Search by CIP Code" and clicking "Generate"). Oral argument would allow the Challengers to clarify how their CIP Code 38-series/mainline theory should be understood in view of all of this.

The Challengers' motion seeks to allow them the only word on these matters. That is not how appeals are to be litigated. Appellees should be allowed the opportunity to address these matters at oral argument.

### B. The Challengers' reply brief inaccurately represents Appellees' positions.

As anticipated, Dkt. No. 32, at 9, the Challengers' reply brief has made multiple inaccurate representations of Appellees' positions and of their significance in this appeal, *e.g.*, Reply Br. 2–4, 5–6, 8, 10, 17, 18, 22, 23–24, 25, 25–26. And as further anticipated, Dkt. No. 32, at 9, oral

argument would aid the decisional process by allowing Appellees the opportunity to undo any confusion that the Challengers have sown here.

For illustration, the argument section of the Challengers' reply brief leads with an assertion that Appellees "concede[] three important points." Reply Br. 2. That is wrong.

First, whatever the Challengers want to say about "the Founding-era concern" over "mandatory tithes to support clergy salaries and church buildings," Reply Br. 2 (emphasis omitted), there is nothing in anything that Appellees argue that distinguishes this case from *Davey* or its express recognition of the "'historic and substantial state interest' in 'the denial of funding for vocational religious instruction,'" Resp. Br. 4 (quoting 540 U.S. at 725). And the Challengers incorrectly say that Appellees "*only* support[]" this historic interest with "a state constitutional amendment drafted 182 years later." Reply Br. 2 (emphasis added). Appellees clearly and plainly invoked *Davey* and its recognition of Virginia's Founding-era experience, which provided "[p]erhaps the most famous example" supporting the historic State interest against funding religious vocational training. Resp. Br. 5–7 (quoting 540 U.S. at 722 n.6). The Challengers cannot argue their way

around *Davey*, cannot argue their way around relevant Virginia history that *Davey* invoked, and cannot credibly argue that Appellees conceded anything that could breathe life into the Challengers' meritless arguments.

Second, the Challengers are wrong in saying Appellees "do[]n't dispute that CIP Code 38-series and 39-degrees are functionally identical." Reply Br. 2 (emphasis omitted). Appellees, very clearly and quite emphatically, do dispute that. Appellees have explained how and why CIP Code 39-series programs "are, notably, different from CIP Code 38-series programs," Resp. Br. 10–11, Appellees have explained that the Council's treatment of CIP Code 38-series programs as eligible and CIP Code 39-series programs as ineligible was upheld in *Hall*, Resp. Br. 24–27, and Appellees have explained that the Council's different treatment of the CIP Code 38-series and 39-series programs is consistent with "Washington's eligibility determinations" that were upheld in *Davey*, Resp. Br. 32–33; *see also* Resp. Br. 52–53, 60. "The Council's incorporation of the distinction between CIP Code 39-series religious vocational training programs from secularly-focused CIP Code 38-series

programs, again, does not support the Challengers' argument." Resp. Br. 60.

And third, the Challengers are wrong in saying that Appellees "agree[] that [the Department's] religious exclusion turns on [its] unbridled discretion." Reply Br. 3 (emphasis omitted). Quite the opposite of agreeing with that, Appellees have explained that "Virginia . . . does not allow the Department 'unbridled discretion.'" Resp. Br. 31–32 (quoting Op. Br. 33–34); *see also* Resp. Br. 34–35, 39–40, 55–56, 60–61. Moreover, "the Challengers' characterizations of the Department's administration of the STAG Program's 'religious training and theological education' limitation are, as has had to be explained repeatedly to them, completely wrong." Resp. Br. 55–56. "The Challengers have had to be corrected on these points before, and their characterizations lack any sound basis." Resp. Br. 32 (citing JA290–296 and Dkt. No. 18, at 17–20). How the Challengers could read any of this as "agree[ment]" with them is unclear. Reply Br. 3.

So rather than allowing the Challengers' reply brief the last word on what Appellees' positions are and what they mean for this case, oral

argument would allow these matters to be clarified through live argument and face-to-face questioning.

### C. Oral argument would be helpful on the significance of *Davey*, *Hall*, and relevant Virginia law.

The parties have significant disagreements about *Davey*, *Hall*, and relevant Virginia law, and this Court may wish to ask counsel questions on these matters. "An effective oral argument demands spontaneity and flexibility," 16AA Wright & Miller, *supra*, § 3980.1, and oral responses to live questioning can be helpful beyond the briefing of the case. Oral argument would aid the decisional process by affording the Court the opportunity to probe the parties' positions further in a live, face-to-face setting. Appellees, for their part, wish to participate in that process.

## II. The Challengers overstate that the parties appear to agree that there are valid reasons to dispense with oral argument.

In again attempting to cast Appellees as agreeing with them, the Challengers selectively quote from a portion of Appellees' opposition to the motion to expedite where Appellees said that "there may be valid reasons for this Court to dispense with oral argument." Dkt. No. 56, at 4, 6 (quoting Dkt. No. 32, at 8). The Challengers overstate the significance

of the selective quotation, which does not justify dispensing with oral argument.

Read in context, Appellees clearly anticipated that oral argument could aid the decisional process in view of the expected contents of the Challengers' reply brief that had not then been filed. Dkt. No. 32, at 8–9. And Appellees made expressly clear that "'[t]o further facilitate expedited disposition' to 'permit the Court to resolve this appeal more quickly' is not one of" the grounds for dispensing with oral argument. Dkt. No. 32, at 8 (alteration in original) (quoting Dkt. No. 24, at 7–8). The Challengers are incorrect in suggesting, now, that Appellees "appear to agree" with them that oral argument should be dispensed with because it "wouldn't significantly aid the Court" and because "[a] hearing during the December 8–11, 2026 oral argument session isn't expedited." Dkt. No. 56, at 6–7.

The Challengers, yet again, are wrong in suggesting that Appellees agree with their position. *See supra* Argument pt. I.B.[1]

---

[1] Appellees take no issue if the Court dispenses with oral argument because it deems the Challengers' appeal to be frivolous or to present issues that have been authoritatively decided. Fed. R. App. P. 34(a)(2)(A), (B); *Davey*, 540 U.S. 712; *Hall*, 175 F.4th 510.

## III. The Challengers' dissatisfaction with the results of their earlier motions does not justify granting this motion.

Losing a motion for injunction pending appeal in the district court and this Court, Dkt. Nos. 16, 23, did not justify the Challengers' motion to expedite the appeal including through dispensation with oral argument, Dkt. No. 32, at 5–6; Dkt. No. 28. And it does not justify the motion to submit the appeal on the briefs, either. *Compare* Fed. R. App. P. 34(a)(2), *with* Dkt. No. 56, at 6–7.

The Challengers' tactics in this litigation have included an unnecessary amount of motions practice that is motivated by their inability to accept the rulings of the district court and of this Court and the clear significance of *Davey*, *Hall*, and relevant Virginia law. That should not be allowed to justify granting their motion.

The Challengers brought this case against Appellees. The Challengers are the ones who appealed to this Court. The Challengers are the ones who ask it to reverse the district court. The Challengers should be prepared to come to this Court, orally present their case, and address any questions that this Court may have.

## CONCLUSION

Consistent with the foregoing reasons, this Court should deny the Challengers' motion to submit the appeal on the briefs.

Respectfully submitted,

/s/ Robert S. Claiborne, Jr.

ROBERT S. CLAIBORNE, JR.
CHRISTOPHER P. BERNHARDT
*Assistant Attorneys General*

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 482-2275 – Telephone
(804) 371-2087 – Facsimile
rclaibornejr@oag.state.va.us
cbernhardt@oag.state.va.us

*Counsel for Appellees*

JAY JONES
*Attorney General*

GRETCHEN E. NYGAARD
*Deputy Attorney General*

JACQUELINE C. HEDBLOM
*Senior Assistant Attorney General/Trial Section Chief*

CALVIN C. BROWN
*Senior Assistant Attorney General/Civil Unit Manager*

September 25, 2026

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limitations of Rule 27(d)(2)(A) because it does not exceed 5,200 words, and this response complies with the typeface and type-style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook typeface.

/s/ Robert S. Claiborne, Jr.
ROBERT S. CLAIBORNE, JR.
*Assistant Attorney General*

## CERTIFICATE OF SERVICE

I certify that, on September 25, 2026, I electronically filed the foregoing with the Clerk of this Court by using the appellate CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ Robert S. Claiborne, Jr.
ROBERT S. CLAIBORNE, JR.
*Assistant Attorney General*